IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11186
Summary Calendar
_____

JERREL LIGGINS, JR.,

Plaintiff-Appellant,

versus

STATE OF TEXAS; RUSS HENRICHS;
DALLAS POLICE DEPARTMENT,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1918-P
- - - - - - - - - -
April 30, 1997

Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jerrel Liggins, Jr., Texas inmate #761802, moves for leave to proceed in forma pauperis (IFP) on appeal under the Prison Litigation Reform Act of 1995 (PLRA). The PLRA requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Liggins does not have funds for immediate payment of this fee, he is assessed an initial partial

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

filing fee of $8.29, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, funds shall be deducted from Liggins' prisoner account until the full filing fee is paid.  See § 1915(b)(2).

IT IS ORDERED that Liggins pay the appropriate initial filing fee to the Clerk of the District Court for the Northern District of Texas.  IT IS FURTHER ORDERED that the agency having custody of Liggins' inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Northern District of Texas each time the amount in Liggins' account exceeds $10, until the appellate filing fee is paid.

Liggins challenges the dismissal as frivolous of his civil rights complaint.  He argues that the police falsely arrested him and that counsel rendered ineffective assistance by having a conflict of interest with Liggins, namely, Liggins suing counsel for violation of his civil rights.  Liggins' remaining arguments were not raised in his objections to the magistrate judge's report and thus, are reviewed for plain error.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).  Our review of the record and the arguments reveals no plain error.

For essentially the same reasons upon which the district court relied by adopting the magistrate judge's report, see Liggins v. State of Texas, No. CA 3-96-CV-1918-P (N.D. Tex. Sept.

6, 1996), we conclude that the district court did not abuse its discretion in dismissing the complaint as frivolous.  See <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

The appeal lacks arguable merit and is frivolous.  <u>See</u> 5th Cir. R. 42.2.  Therefore, the appeal is DISMISSED.

IFP GRANTED.  APPEAL DISMISSED.